Filed 1/15/15  P. v. Reynolds CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C073926 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF123268) |
| v. | |
| DENNIS CRAIG REYNOLDS, | |
| Defendant and Appellant. | |

This case comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Having reviewed the record as required by *Wende*, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

1

## FACTUAL AND PROCEDURAL BACKGROUND[1]

On August 16, 2012, defendant made arrangements with an undercover agent to purchase methamphetamine. Per the agreement, the agent followed defendant to the home of defendant's connection. Defendant went into his connection's home, returned, and gave the agent 7 grams of methamphetamine.

On February 8, 2013, defendant entered a negotiated disposition whereby he pleaded no contest to one count of sale of methamphetamine and admitted a prior strike conviction in exchange for a state prison sentence of four years (the low term of two years doubled to four because of the strike). The other counts and enhancement allegations were dismissed

On March 18, 2013, defendant filed a motion to withdraw his plea on the grounds that when he entered his plea he was under the influence of pain killing drugs, and therefore the plea was not knowingly and voluntarily entered.

At the hearing to withdraw the plea, defendant called only himself to testify. He testified that he had hip dysplasia; his right hip had been previously replaced and the left needed to be replaced. He was experiencing pain in his left hip, left knee and back. He had been prescribed and was taking Norcos (Hydrocodone), Neurontin and Tramadol. He had been prescribed this medication since 1998. On the night before the plea, defendant slept one or two hours. He testified he was in pain and right before leaving for court on the day of the plea, he took three Norcos, four Neurontins and four or five Tramadol. He said he recalled conversing with his attorney about the plea that morning, but could not remember the specifics because his head was "swimming." He had no previous plans of accepting a plea agreement, but did so because he was overmedicated that morning and frightened. The effects of the medications overcame his ability to

---

[1] Defendant stipulated to the preliminary hearing transcript and documentation provided by the prosecutor as the factual basis for his plea and strike admission.

analyze his legal position in a sober and rational manner.  He also said that when he filled out the plea form, he did not have his glasses and did not read what was next to the boxes he checked.  He never told his attorney he was under the influence of the medications.  At the hearing, defendant presented pill containers for each of the medications, but the containers were dated November 2012 and February 2011.

The prosecutor argued that had defendant been under the influence at the time of the plea, he, defense counsel or the court would have noticed, but defendant was able to answer the court's questions and he executed the plea form.  The prosecutor contended that defendant's motion to withdraw was the product of buyer's remorse.

The court denied the motion.  The court indicated it did not believe defendant.  The court noted that defendant executed the plea form which included the following:  "I am not suffering any mental disease or defect which keeps me from understanding this form.  I am not now under the influence of any mind-altering substances."  Defendant initialed on the form in all the appropriate places, within the lines provided for those initials.  The court further observed defendant had signed his name on the line provided, noting that the signature "doesn't go up, it doesn't go down, it goes right across the line."  Defendant also wrote the date, and the place of the plea, correctly spelling the name of the city.  The court stated it had no reason to suspect defendant was under the influence of any drug or anything that would have affected his mental capacity to enter a plea.  None of the bailiffs, who are trained to watch defendants, most of whom have drug recognition training, indicated that they suspected defendant was under the influence.  The court concluded, "The only evidence that we have here is [defendant's] self-serving testimony, which I do not find credible."

After ruling on the motion, the court imposed the agreed upon four-year term.  The court also credited defendant with 148 days of presentence custody credit (74 actual, 74

3

conduct)[2] and imposed fines and fees as set forth in the abstract of judgment and an attachment thereto.

Defendant applied for and obtained a certificate of probable cause from the court to challenge the validity of his plea on the grounds the plea was not voluntarily and knowingly entered.

## *WENDE* REVIEW

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief setting forth the facts of the case and, pursuant to *Wende*, requesting the court to review the record and determine whether there are any arguable issues on appeal. Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have elapsed, and we received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

---

[2] In response to appellate counsel's request, the court added one additional day for actual credit, thus giving defendant 149 days of presentence custody credit. The court amended the abstract accordingly.

4

## DISPOSITION

The judgment is affirmed.

      MURRAY     , J.


We concur:


    RAYE     , P. J.


    MAURO    , J.